# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1050
_____

Robert J. Hall

*Plaintiff - Appellee*

v.

Paul Woodruff

*Defendant - Appellant*

Missouri Department of Corrections

*Defendant*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: September 25, 2024
Filed: November 19, 2024

_____

Before BENTON, ARNOLD, and KOBES, Circuit Judges.

_____

BENTON, Circuit Judge.

Robert J. Hall, an inmate in the Missouri Department of Corrections (MDOC), sued MDOC and its Corrections Officer Paul Woodruff, in his individual capacity, for injuries sustained from an attack by a fellow inmate. The district court denied

Woodruff's motion to dismiss based on official immunity. Woodruff appeals. Having jurisdiction under the collateral order doctrine, this court reverses and remands. *See* **Mitchell v. Forsyth**, 472 U.S. 511, 529-30 (1985); **N.S. v. Kansas City Bd. of Police Comm'rs**, 933 F.3d 967, 970 (8th Cir. 2019) ("Official immunity, like qualified immunity, is a threshold issue and subject to interlocutory appellate review.").

In July 2022, Hall submitted an "Enemy Listing/Protective Custody Declaration" form to MDOC Corrections Officer Cammie Hall. It stated that Woodruff felt threatened and endangered by a fellow inmate, Ahmad Townsend. A week later, Woodruff placed Townsend in Hall's cell while Hall slept. Townsend attacked him, causing mental and physical injuries.

This court reviews de novo a motion to dismiss for failure to state a claim, accepting all factual allegations as true and viewing them most favorably to the non-moving party. *See* **Yang v. Robert Half Int'l, Inc.**, 79 F.4th 949, 961-62 (8th Cir. 2023). Official immunity under Missouri state law "protects public officials sued in their individual capacities from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." **State ex rel. Morales v. Alessi**, 679 S.W.3d 467, 471 (Mo. banc 2023). The Supreme Court of Missouri has repeatedly cautioned courts "not to construe [official immunity] too narrowly lest they frustrate the need for relieving public servants of the threat of burdensome litigation." **State ex rel. Love v. Cunningham**, 689 S.W.3d 489, 495 (Mo. banc 2024).

A narrow exception to official immunity exists when "a public official fails to perform a ministerial duty required of the official by law." **Id.** A duty may arise from a variety of sources, including statute, regulation, or departmental mandates. **Morales**, 679 S.W.3d at 472 (a statute or regulation may confer a duty); **Hutson v. Walker**, 688 F.3d 477, 485 (8th Cir. 2012) ("Ministerial duties can arise from 'either a statutory or departmentally-mandated duty.'"), *quoting* **State ex rel. Twiehaus v. Adolf**, 706 S.W.2d 443, 445 (Mo. banc 1986). A departmentally mandated duty

arises from "departmental rules, the orders of a superior, or the nature of the position for which the defendant was employed." **Hutson**, 688 F.3d at 485.

Hall alleges that MDOC policies "mandate that enemy declarations be checked, and/or other specific safeguards are taken, by corrections officers to ensure that declared enemies do not physically encounter one another, particularly without supervision." Hall also alleges that MDOC policies "mandate that declared enemies are not to be put into the same cell together." Hall asserts that Woodruff failed "to check or know if either [person] being placed together in the same cell had declared the other as an enemy before placing them in a cell together in a non-emergency situation." Assuming without deciding that MDOC policies create a departmentally mandated duty, Hall has not shown that the duty was ministerial.

The Missouri Supreme Court has stressed: "The central inquiry is not whether the law confers a duty to act but, instead, whether the public official retains *any* discretion in completing an act." **State ex rel. Love v. Cunningham**, 689 S.W.3d 489, 495-96 (Mo. banc 2024), *quoting Morales*, 679 S.W.3d at 472. Even if an act violates a duty, it is not ministerial if it contains discretion. **Id.** at 496 n.8. "[T]he central question is whether there is any room whatsoever for variation in when and how a particular task can be done. If so, that task—by definition—is not ministerial." **Morales**, 679 S.W.3d at 471. "When even slight discretion exists, the duty is not ministerial." **Id.** at 473. "In other words," an act is discretionary—not ministerial—if it "could have been completed in various ways by various people." **Love**, 689 S.W.3d at 496.

The act here was discretionary. The policy's mandate that "enemy declarations be checked, and/or other specific safeguards are taken" does not state when they must be checked or how often. *See* **Morales**, 679 S.W.3d at 473 ("Reviewing an [individual support plan] would require the employees to use discretion to determine on which sections to focus and how to use the information."). And the "and/or" indicates there are multiple ways to comply. **Id**. (indicating a policy could be "completed in various ways by various people"). Such decisions

involve the official's "judgment or opinion concerning the propriety or impropriety" of putting the detainee in various places in the facility. ***Love***, 689 S.W.3d at 495. Official immunity bars suit against Woodruff.

\* \* \* \* \* \* \*

This judgment is reversed and the case remanded for proceedings consistent with this opinion.

_____